Nash, C. J.
 

 We are saved the labor of investigating the questions raised at the Bar, by the finding of the jury. One of the questions involved in the case, and which lies at its threshold, is the form of the action. The plaintiffs claim to have been partners in trade, and that the goods seized the
 
 *380
 
 defendants were their joint property, and the house entered, to have been in their joint possession. The defendants, among other things, contended that no partnership existed between the plaintiffs, and if any did, it was entered into fraudulently, for the purpose of defrauding the creditors of McPherson. Several other legal questions arose on the trial, all of which were reserved by the Court, and the question of fraud submitted to the jury. His Honor instructed them, that if they believed a
 
 bona fide
 
 partnership existed between the plaintiffs at the time of the entering the store by the defendants, they ought to give the plaintiffs damages, &c. But, if they did not believe the partnership to have existed at all, or that it had been entered into without a sufficient valuable consideration paid, or
 
 bona fide
 
 agreed to be paid by Conn to McPherson, and with an intent to defeat, hinder or delay the creditors of McPherson, they ought to find for the defendants. The jury found a verdict for the defendants. This finding put an end to the action. Theywer-' not partners, or, if so, it was for a fraudulent purpose, negativ ing their right to bring a joint action.
 

 Although the finding of the jury supercedes the necessity of considering the several questions of law raised in the argument, yet, as there is, among them, one of considerable importance, both as regards the duty of the public officers of the State, and also the interests and rights of partners in trade, we have concluded to call the attention of our brethren of the Bar to it. It was urged at the Bar, that an officer cannot levy on the partnership property, to satisfy the individual debt of one of the partners ; and, if he did, he was answerable in an action to the other partner. The case of Blevins and Bakes, decided at August Term, 1850, of this Court, 11th Ired. 291, removes all doubt upon the subject. It is there determined, that an officer, who has an execution against a tenant in common of chattels, may levy it upon the property and take it into possession, for the purpose of selling the interest of the defendant in the execution ; and he docs not thereby subject himself to an action by the other tenant in common. And the Court say, the interest
 
 *381
 
 of a partner in the partnership effects may be sold under a
 
 jifa,
 
 for his individual debt; and that the other partner can maintain no action of any kind against the officer or purchaser.
 

 There is no error in the judgment below, and it is affirmed.